Matthew V. Moosbrugger (035449)
Moosbrugger Law, PLLC
2415 E. Camelback Rd. Ste. 700
Phoenix, AZ 85016
Telephone (602) 845-9733
Matthew@Moosbrugger-Law.com
*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jodell Dodge,<br><br>Plaintiff,<br><br>vs.<br><br>FirstService Residential Arizona, LLC<br><br>Defendant. | No. CV-24-01550-PHX-SMM<br><br>**FIRST AMENDED COMPLAINT**<br><br>**(Jury Trial Demanded)** |

### NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act ("ADEA"), against Defendant FirstService Residential Arizona, LLC, due to unlawful employment practices, to provide appropriate relief for Plaintiff who was adversely affected by such practices. As alleged with greater particularity in this Complaint, Plaintiff alleges that Defendant subjected Plaintiff unlawful age discrimination, leading to substantial lost wages, emotional distress, and out-of-pocket expenses.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S. Code § 1331, 1337, and 1343(a)(4).

2. This action is authorized and instituted pursuant to sections 29 U.S. Code § 623.

3. The employment practices alleged to be unlawful were committed within the jurisdiction of the United Stated District Court for the District of Arizona.

## PARTIES

4. Defendant, FirstService Residential Arizona, LLC (hereinafter "FirstService" or "Defendant"), is a foreign entity operating in the State of Arizona.

5. Plaintiff, Ms. Jodell Dodge (hereinafter "Ms. Dodge" or "Plaintiff"), is a 61-year-old resident of Maricopa County, and was employed by the Defendant in Maricopa County, Arizona. Ms. Dodge was over forty years old at all times relevant to the allegations in this complaint.

6. At all relevant times, Defendant has continuously employed fifteen (15) or more persons.

## ADMINISTRATIVE PROCEDURES

7. Plaintiff filed a Charge of Discrimination against Defendant in the Phoenix District Office of the Equal Employment Opportunity Commission (hereinafter "EEOC"), Charge Number: 540-2023-06349, alleging Defendant violated her right to be free from age discrimination.

8. On March 27, 2024, Plaintiff received a Determination and Notice of Rights from the EEOC, entitling her to pursue her claims in Federal District Court by June 25, 2024.

9. All conditions precedent to the institution of this lawsuit have been fulfilled.

## FACTUAL ALLEGATIONS

10. At the time of events giving rise to Ms. Dodge's claims, Defendant was the property manager for Corte Bella Country Club (hereinafter "CBCC").

11. Ms. Dodge began working for Defendant on March 3, 2014.

12. Ms. Dodge was employed by Defendant as the Spa & Fitness Manager at CBCC.

13. Beginning in October 2021, Ms. Dodge became the subject of an increasingly hostile work environment based on her age.

14. The residents who lived at CBCC repeatedly subjected Ms. Dodge to derogatory commentary based on her age.

15. The residents who Ms. Dodge was employed to serve would regularly and routinely tell her that they did not like the way she dressed because she dressed "too young" for her age

16. Additionally residents made derogatory comments about her wearing high heels "at her age," noting that they use to wear high heels when they "were young," but now they cannot.

17. Further, the residents stated to Ms. Dodge that she appeared "too young to work" there.

18. These were not isolated comments, but rather a consistent pattern of conduct directed toward Ms. Dodge based on her age, as a result of the resident's belief that because Ms. Dodge was older, she was expected to act in accordance with their expectations of someone her age.

19. On December 14, 2022; January 20, 2023; and January 25, 2023, Plaintiff was publicly criticized by residents in open forum meetings for her appearance, demeanor,

and management style. Residents stated she was unfriendly, dressed "inappropriately, and demanded she be fired.

20. These comments continued and escalated through January 2023, including repeated public criticisms during open meetings.

21. Plaintiff reported this conduct to General Manager Leann Blue on October 8, 2021. Ms. Blue dismissed the complaints, stating residents were 'just jealous.' Defendant took no corrective action despite repeated complaints over the following 16 months.

22. Ms. Dodge noted that residents even brought their concerns to Defendant's management, Ms. Leeann Blue, that they did not like what Ms. Dodge wore and how she looked "for her age."

23. Rather than make an effort address the residents' conduct and attempt to provide Ms. Dodge with a hostile-free work environment based on her age, Defendant chose to defend the residents' conduct by stating that "they are just jealous," because Ms. Dodge appeared younger, more fit, and dressed nice.

24. The conduct was frequent, humiliating, and targeted. Plaintiff was subjected to repeated public commentary on her age and her appearance based on their perception of how she should dress at her age, in a professional setting, which undermined her authority and caused emotional distress, anxiety, and interference with her duties.

25. In one instance, Ms. Dodge received criticism for enforcing policies of CBCC's spa and fitness department, which resulted in her being publicly critiqued and criticized during open forum meetings with the CBCC Board of Directors.

26. Due to Defendant's failure to provide a hostile-free work environment based on Ms. Dodge's age, after making Defendant aware of the age discrimination and providing

management with an opportunity to correct the conduct, she was left with no choice but to resign her position on February 1, 2023.

27. In her resignation letter, Ms. Dodge stated that her "ability to continue to operate in an increasingly hostile work environment has limits and the ongoing harassment and age discrimination needs to stop."

28. These facts are consistent with, and reasonably related to, the allegations in Plaintiff's EEOC charge dated August 14, 2023.

## FIRST CLAIM FOR RELIEF

### [Age Discrimination – 29 U.S. Code § 623(a)]

29. The allegations contained in the foregoing paragraphs are hereby incorporated by reference.

30. The ADEA makes it unlawful "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to [their] compensation, terms, conditions, or privileges of employment, because of such individual's age."

31. Plaintiff was at all relevant times over the age of 40 and is a member of the class protected under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 631(a).

32. Here, The residents at CBCC frequently made derogatory comments about Ms. Dodge's age, while criticizing her appearance and attire.

33. The residents often remarked that she dressed "too young" for her age and questioned her choice of wearing high heels, suggesting such attire was inappropriate for someone of her age.

5

34. These comments were not isolated incidents but a consistent pattern of harassment that was sufficiently severe and pervasive enough to alter the terms and conditions of Ms. Dodge's employment.

35. The residents continually expressed that Ms. Dodge looked "too young to work" there and made unfounded criticisms about her professional capabilities.

36. This harassment was rooted in their belief that Ms. Dodge should conform to their expectations of how someone her age should look and behave.

37. Ms. Dodge first reported this hostile work environment based on her age to Defendant's management on October 8, 2021.

38. Instead of addressing these discriminatory behaviors, the management dismissed them by suggesting that the residents were merely jealous of Ms. Dodge's youthful appearance and fitness.

39. Management failed to take appropriate measures to curb this hostility and the residents' harassment intensified as they began making baseless complaints against Ms. Dodge, criticizing her for merely performing her job duties.

40. Defendant subjected Plaintiff to repeated, unwelcome, age-based comments and scrutiny, including statements that she dressed "too young," wore high heels "at her age," and was "too young to work" at the facility.

41. These comments escalated over a period of 16 months, culminating in public criticism of Plaintiff's appearance and job performance during open forum meetings on December 14, 2022, January 20, 2023, and January 25, 2023—events that occurred within the 300-day limitations period under 29 U.S.C. § 626(d)(1)(B).

42. The conduct was humiliating, undermined Plaintiff's professional authority, caused emotional distress, and interfered with her ability to perform her job duties.

43. The discriminatory acts described herein were part of a continuous pattern of hostile conduct that began in October 2021 and persisted through January 2023.

44. Plaintiff was constructively discharged on February 1, 2023, after Defendant failed to act upon repeated reports of discriminatory treatment. The hostile conditions were objectively intolerable and would have compelled a reasonable person to resign.

45. In her resignation letter, Ms. Dodge emphasized that the persistent harassment based on her age made it impossible for her to continue working under such conditions, underscoring Defendant's failure to take appropriate corrective action.

46. Ms. Dodge gave Defendant nearly four months to take corrective action for the harassment she experienced based on her age, however they took no corrective action, resulting in Ms. Dodge's constructive discharge, and substantial lost wages.

47. The effect of the practices complained of in the foregoing paragraphs has deprived Ms. Dodge of the equal enjoyment of terms and conditions of her employment and otherwise resulted in substantial emotional distress.

48. The unlawful employment practices complained of in the foregoing paragraphs were done with reckless indifference to Ms. Dodge's statutorily protected Civil Rights.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests that this Court:

A. Order Defendant to make Ms. Dodge whole by providing compensation for past and future pecuniary losses resulting from the unlawful practices described above, in amounts to be determined at trial.

B. Order Defendants to make the aggrieved individual whole by providing compensation for past and future non-pecuniary losses, pursuant to the ADEA, resulting

from the unlawful practices described above, including but not limited to emotional pain, suffering, inconvenience, mental anguish, humiliation, and loss of enjoyment of life, in amounts to be determined at trial.

      C.    Grant such further relief as the Court deems necessary and proper in the public interest.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all claims and issues set forth herein, to the extent permitted by law.

RESPECTFULLY SUBMITTED this 6th day of June, 2025.

                MOOSBRUGGER LAW, PLLC

                _____
                Matthew V. Moosbrugger, Esq.
                2415 E. Camelback Rd. Ste. 700
                Phoenix, AZ 85016
                *Attorney for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2025 I electronically transmitted the foregoing to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant(s):

Pavneet Singh Uppal, SBN 016805
David G. Myers, SBN 038484
FISHER PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
Telephone: (602) 281-3400
Fax: (602) 281-3401
puppal@fisherphillips.com
dmyers@fisherphillips.com
*Attorneys for Defendant*