Matthew V. Moosbrugger (035449)
Moosbrugger Law, PLLC
2415 E. Camelback Rd. Ste. 700
Phoenix, AZ 85016
Telephone (602) 845-9733
Matthew@Moosbrugger-Law.com
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jodell Dodge,<br><br>Plaintiff,<br><br>vs.<br><br>FirstService Residential Arizona, LLC<br><br>Defendant. | No. CV-24-01550-PHX-SMM<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT** |

Plaintiff Jodell Dodge, by and through undersigned counsel, respectfully submits the following Opposition to Defendant's Second Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). As discussed in greater detail *infra*, Plaintiff's First Amended Complaint fully cures the deficiencies previously identified by the Court – it identifies Plaintiff's age, describes timely and specific acts of discrimination within the applicable limitations period, links those acts to an ongoing campaign of age-based hostility, alleges Defendant's knowledge and failure to intervene, and includes sufficient factual support for a constructive discharge claim under Ninth Circuit precedent. Plaintiff's claims fall squarely within the scope of her EEOC charge, and she has stated plausible

claims for relief under the Age Discrimination in Employment Act. Defendant's second motion largely reasserts arguments already presented and improperly asks the Court to weigh factual contentions not suitable for resolution under Rule 12(b)(6). Accordingly, the motion should be denied.

### I.   Legal Standard

A complaint survives a Rule 12(b)(6) motion if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See, Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When evaluating a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in the plaintiff's favor. *See, Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim is plausible where it alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*.

### II.   Plaintiff Alleges Timely Discriminatory Acts Related to Her Age

Plaintiff filed her EEOC charge on August 14, 2023, which makes actionable all discriminatory acts occurring on or after October 18, 2022. *See,* 29 U.S.C. § 626(d)(1)(B). Plaintiff alleges three specific and dated incidents within that window: open-forum meetings held on December 14, 2022; January 20, 2023; and January 25, 2023. During each meeting, residents publicly criticized Plaintiff's demeanor, appearance, and professional aptitude, and demanded her termination. These criticisms were not random or neutral; they echoed and escalated a long-standing pattern of discriminatory comments about Plaintiff's age, which included remarks about how she dressed, whether her heels were appropriate "at her age," and that she looked "too young to work here." *See,* First Amended Complaint ("FAC") ¶¶15–21.

Courts do not require each discriminatory act to be overtly age-specific if it reflects

or builds upon prior age-based animus. In *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 151 (2000), the Supreme Court emphasized that circumstantial and contextual evidence, including how facially neutral comments are perceived in light of prior age-related treatment, may support an inference of unlawful discrimination. Similarly, in *Shelley v. Geren*, the Ninth Circuit held that "ambiguous or indirect" comments, when viewed collectively, may permit a factfinder to conclude that discrimination occurred. 666 F.3d 599, 608 (9th Cir. 2012). Here, the open-forum criticisms plainly continued the age-related scrutiny Plaintiff endured since 2021 and represent timely, actionable conduct under the ADEA.

### III. The Alleged Harassment Was Severe or Pervasive

To state a hostile work environment claim under the ADEA, Plaintiff must allege: (1) that she was subjected to verbal or physical conduct based on age, (2) that the conduct was unwelcome, and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of employment and create an objectively abusive work environment. *See, Vasquez v. County of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2003); *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21 (1993). Plaintiff's First Amended Complaint satisfies each of these elements. She alleges repeated age-based comments over a 16-month period, culminating in public attacks on her professionalism and demeanor during formal, resident-led meetings. The hostile conduct directly impacted her authority as Spa & Fitness Director, caused significant emotional distress, and ultimately drove her to resign. *See,* FAC ¶¶19–25, 43–45.

The Ninth Circuit has recognized that the "severe or pervasive" standard can be met by persistent derogatory remarks and patterns of humiliation that interfere with the plaintiff's ability to perform her job. *See, Nichols v. Azteca Rest. Enters., Inc.*, 256 F.3d

864, 872–74 (9th Cir. 2001). Moreover, courts have found similar conduct sufficient to state an ADEA claim. In *Gestalt v. City of Gloucester*, 2021 WL 4169431 (D. Mass. 2021), the court denied dismissal where the plaintiff was told she "dressed young" and lacked the gravitas expected of her role. The conduct here was even more severe – Plaintiff was publicly undermined in front of the residents she served and was denied any institutional support to stop it.

### IV. The Continuing Violation Doctrine Applies

Under *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002), a hostile work environment claim is timely if "an act contributing to the claim occurs within the filing period," even if the conduct began earlier. Plaintiff's allegations span from October 2021 to January 2023 and describe a pattern of age-based commentary that intensified over time. The later acts occurred within the statutory window and are clearly part of the same hostile environment. Thus, earlier events are properly considered. *See also, Porter v. Cal. Dep't of Corr.,* 419 F.3d 885, 893 (9th Cir. 2005) (hostile acts before and within 300-day window are admissible if "sufficiently related to constitute part of the same hostile environment").

### V. Plaintiff Sufficiently Alleges Constructive Discharge

A constructive discharge occurs where "a reasonable person in the employee's position would have felt compelled to resign because of intolerable and discriminatory working conditions." *See, Poland v. Chertoff*, 494 F.3d 1174, 1184 (9th Cir. 2007). Plaintiff has alleged that the harassment she endured escalated from private age-based insults to public condemnation in formal community meetings. These events caused her significant distress, undermined her role as a manager, and occurred despite having been reported to management as early as October 2021. FAC ¶¶24–28, 43–45. Plaintiff's allegations

describe working conditions that no reasonable person would be expected to tolerate. Courts have repeatedly held that an employer's failure to remedy a known hostile environment based on their membership in a protected class supports constructive discharge. *See, Thomas v. Douglas*, 877 F.2d 1428, 1434 (9th Cir. 1989).

### VI. Plaintiff's Claims Fall Within the Scope of Her EEOC Charge

Defendant's argument that Plaintiff's claims exceed the scope of her EEOC charge is without merit. Judicial complaints may include claims that are "like or reasonably related to the allegations" in the administrative charge. *Green v. Los Angeles County Superintendent of Schools*, 883 F.2d 1472, 1476 (9th Cir. 1989). Plaintiff's charge alleged that she experienced persistent age-based harassment, that management failed to intervene, and that she was effectively forced to resign. The First Amended Complaint expands upon these same facts with additional detail but asserts no new legal theory or claim. Her complaint is well within the scope permitted by the Ninth Circuit's administrative exhaustion jurisprudence.

### VII. Conclusion

Plaintiff's First Amended Complaint cures the deficiencies identified in the Court's prior order and states plausible claims for age-based hostile work environment and constructive discharge under the ADEA. She has identified timely, specific acts of harassment, connected them to an ongoing campaign of age-based animus, pled Defendant's knowledge and inaction, and demonstrated how the hostile conditions led to her resignation. Further, Defendant's Motoin to Dismiss improperly invites the Court to weigh facts and credibility at the pleading stage. Accordingly, Plaintiff, by and through undersigned counsel respectfully requests that the Court deny Defendant's Moton to Dismiss Plaintiff's First Amended Complaint.

RESPECTFULLY SUBMITTED this 29th day of July, 2025.

                MOOSBRUGGER LAW, PLLC

*/s/ Matthew V. Moosbrugger*

_____
Matthew V. Moosbrugger, Esq.
2415 E. Camelback Rd. Ste. 700
Phoenix, AZ 85016
*Attorney for Plaintiff*