Pavneet Singh Uppal, SBN 016805
David G. Myers, SBN 038484
FISHER PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
Telephone: (602) 281-3400
Fax: (602) 281-3401
puppal@fisherphillips.com
dmyers@fisherphillips.com
Attorneys for Defendant

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jodell Dodge,<br><br>    Plaintiff,<br><br>v.<br><br>FirstService Residential Arizona, LLC,<br><br>    Defendant. | No. CV-24-01550-PHX-SMM<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>(Oral Argument Requested) |

Defendant FirstService Residential Arizona, LLC ("Defendant"), hereby submits its Reply in support of its Motion to Dismiss Plaintiff's First Amended Complaint at Doc. 22 ("Motion"). Plaintiff's First Amended Complaint at Doc. 18 ("Amended Complaint") fails to state a claim for age-discrimination under the Age Discrimination in Employment Act ("ADEA"). The Amended Complaint does not cure the defects which resulted in dismissal of Plaintiff's original Complaint, and Plaintiff's Response to Defendant's Motion at Doc. 27 ("Response") does not provide any legal authority or otherwise meaningfully refute the legal arguments and defenses raised in Defendant's Motion. Accordingly, Plaintiff's Amended Complaint should be dismissed in its entirety, with prejudice and without leave to amend.

This Motion is supported by the following Memorandum of Points and Authorities, all pleadings and papers on file in this action, and such matters as may be presented to the Court during any oral argument on this matter.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

As set forth in Defendant's Motion, Plaintiff's Amended Complaint fails to state an actionable claim for either age-based hostile work environment or constructive discharge. Simply put, the alleged conduct was neither severe nor pervasive, nor so intolerable as to compel a reasonable person to resign. Plaintiff's Response to Defendant's Motion neither distinguishes the cases cited in Defendant's Motion nor cites any controverting cases in support of her claims. Instead, Plaintiff's Response incorrectly implies that her claims should proceed because there are factual contentions which are not suitable for resolution under Fed. R. C. P. 12(b)(6). However, the three new instances of harassing conduct alleged in Plaintiff's Amended Complaint remain conclusory and, like the original Complaint, fail to plead actionable claims for age discrimination or harassment. Accordingly, Plaintiff's claims must be dismissed with prejudice because further amendment would be futile.

Additionally, Plaintiff's Response incorrectly asserts that her claims are somehow rendered actionable under the continuing violations doctrine because her Amended Complaint alleges three new instances of harassing conduct that occurred within the 300 days preceding the filing of her EEOC charge. However, as discussed below, these three incidents are unrelated to age-based harassment and, therefore, do not contribute to any actionable continuing violation. Moreover, as set forth in Defendant's Motion, Plaintiff's Amended Complaint fails to allege any facts detailing the nature or frequency of the alleged age-based comments made by CBCC residents between the time that the alleged harassment began in October 2021 and the one and only time Plaintiff reported the alleged harassment on October 8, 2021. Because Plaintiff has failed to demonstrate that she was subjected to a hostile work environment as of October 2021, or that Defendant knew or should have known about any alleged harassment at any time after October 2021, Plaintiff's harassment claim fails as a matter of law and cannot save Plaintiff's Amended Complaint from dismissal.

2

Finally, Plaintiff's Response asserts that the allegations in the Amended Complaint expand upon, and are therefore within the scope of, the allegations in Plaintiff's EEOC charge. For the reasons discussed below, the Court need not engage in this analysis because Plaintiff's claims fail as a matter of law.

## II.   ARGUMENT

### A.   Plaintiff's Claims of Age-Based Hostile Work Environment and Constructive Discharge Fail as a Matter of Law

#### 1.   *Plaintiff Has Failed to Plead Any Harassing Conduct that Qualifies as Severe or Pervasive*

Under the Ninth Circuit standard for hostile work environment claims, Plaintiff must make a *prima facie* case by demonstrating that: "(1) she was subjected to verbal or physical conduct based on age, (2) this conduct was unwelcome, and (3) this conduct was sufficiently severe or pervasive to alter the conditions of her employment and to create an abusive working environment." *Freitag v. Ayers*, 468 F.3d 528, 539 (9th Cir. 2006). Factors to consider in determining whether conduct was sufficiently "severe or pervasive" include "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris v. Forklift Sys.*, 510 U.S. 17, 23 (1993). Ageist slurs that are "isolated and sporadic," and "neither physically threatening nor particularly humiliating," but rather "merely offensive utterances" do not give rise to a hostile working environment." *Stevens v. Cty. of San Mateo*, 267 F. App'x 684, 685 (9th Cir. 2008).

As noted in Defendant's Motion, Plaintiff's Amended Complaint fails to plead any facts to support a claim for age-based hostile work environment. The only specific ageist statements alleged in the Amended Complaint are repeated from the original Complaint, which include comments made to Plaintiff by unnamed, unidentified, non-employee, non-party CBCC residents about how she "dressed 'too young' for her age," "w[ore] high heels 'at her age,' and "appeared 'too young to work' there." (Doc. 18, ¶¶

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

15–17) The Court previously found that these ageist statements "do not rise to the level of being so severe or pervasive that they created an objectively abusive working environment." (Doc. 17, p. 6, lines 20–22) The only new allegations in Plaintiff's Amended Complaint are three alleged instances between December 2022 and January 2023 where Plaintiff was allegedly "publicly criticized by residents in open forum meetings for her appearance, demeanor, and management style," where CBCC residents stated that Plaintiff was "unfriendly, dressed 'inappropriately,' and demanded she be fired." (Doc. 18, ¶¶ 19, 41) Notably, these newly alleged comments do not make any reference to Plaintiff's age, and Plaintiff fails to explain how these criticisms related to her age or were motivated by age-based animus.

In Plaintiff's Response, she makes no attempt to distinguish these allegations from the cases cited in Defendant's Motion, which only further serves to undermine her claims.[1] Instead, Plaintiff summarily argues that her Amended Complaint "satisfies each of the[] elements" of an ADEA hostile work environment claim. (Doc. 27, § III.) But Plaintiff altogether fails to allege the frequency of the ageist comments, how they were threatening or humiliating, or how such comments unreasonably interfered with her work performance. Similarly, Plaintiff's Response fails to explain how "repeated age-based comments over a 16-month period" qualify as "severe or pervasive." (Doc. 27, § III.) Given that the Court has previously ruled that the ageist statements alleged in the original Complaint and repeated in the Amended Complaint are insufficient to create an objectively abusive working environment, the mere addition of vague comments related to Plaintiff's "appearance, demeanor, and management style" at three open forum meetings do not transform her amended pleading into an actionable claim. Indeed, criticism of the Plaintiff's "management style" has no nexus to age, and employees under age 40 are commonly criticized if their appearance" or demeanor at work is found

---

[1] Defendant was unable to locate the case cited by Plaintiff as *Gestalt v. City of Gloucester*, 2021 WL 4169431 (D. Mass. 2021), at page 4, line 2 of her Response, and therefore it is not addressed in this Reply.

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

FP 56132192.1

to be lacking. Stated differently, appearance, demeanor, and management style are not inherently linked to age, and the Amended Complaint fails to allege or identify any causal connection between Plaintiff's age and the criticism which she received based on these criteria.

### 2. *Plaintiff Has Failed to Sufficiently Plead that the Alleged Conduct Was So Intolerable that a Reasonable Person Would Have Felt Compelled to Resign*

Just as Plaintiff's Response fails to demonstrate how any alleged harassment was sufficiently severe or pervasive, it likewise fails to show how any alleged harassment created working conditions "so intolerable and discriminatory that a reasonable person would feel forced to resign." *Schnidrig v. Columbia Mach., Inc.*, 80 F.3d 1406, 1412 (9th Cir. 1996). As the Court already found, Plaintiff's allegations in the original Complaint that "her resignation amounted to a constructive discharge as a result of the work environment she experienced is conclusory at best." (Doc. 17, p. 6, lines 22–24) The only new allegations in the Amended Complaint are that CBCC residents criticized Plaintiff's "appearance, demeanor, and management style" at three open forum meetings between December 2022 and January 2023. (Doc. 18, ¶¶ 19, 41) Yet Plaintiff fails to explain how these criticisms at these three open forum meetings were related to her age or were motived by age-based animus, and the fact remains that the conduct alleged by Plaintiff does not even remotely constitute a constructive discharge. *Schnidrig*, 80 F.3d at 1412 (finding that the plaintiff's working conditions were not so intolerable where she "was not demoted, did not receive a cut in pay, was not encouraged to resign or retire, and was not disciplined").

Simply put, Plaintiff's contention that a few unnamed and unidentified CBCC residents, who had no control over the terms and conditions of her employment, made minor age-based comments, and vaguely critiqued her "appearance, demeanor, and management style" at a few open forum meetings, does not even demonstrate the severe or pervasive conduct necessary to support a *hostile work environment claim*. Because Plaintiff has failed to make *this* demonstration, "it will be impossible for her to meet the

higher standard of constructive discharge: conditions so intolerable that a reasonable person would leave the job." *Brooks v. City of San Mateo*, 229 F.3d 917, 930 (9th Cir. 2000). Accordingly, Plaintiff has failed to state an actionable claim for constructive discharge, and this claim must be dismissed.

### B. The Continuing Violations Doctrine Does Not Serve to Revive or Resurrect Plaintiff's Deficient Claims

Plaintiff's Response advances the flawed argument that if the continuing violations doctrine is applied to her claims, her cause of action for age-based harassment is legally actionable. Plaintiff filed her EEOC charge on August 14, 2023. In her Amended Complaint, Plaintiff asserts that during the 300 days preceding the filing date of her EEOC charge, she was subjected to three incidents of harassment which were not included in her original Complaint but have now been added to the Amended Complaint. Specifically, Plaintiff's new allegations assert that at three open forum meetings between December 2022 and January 2023, CBCC residents criticized her "appearance, demeanor, and management style." (Doc. 18, ¶¶ 19, 41) However, as set forth in Defendant's Motion at Doc. 22, section 3.A.2., as well as discussed *supra* at section II.A.1., these three new incidents are not even age related. The Amended Complaint altogether fails to demonstrate how alleged criticism by CBCC residents about Plaintiff's appearance, demeanor, and management style are causally connected to her age. Accordingly, the three and only three new allegations that Plaintiff has added to the Amended Complaint do not even remotely demonstrate the existence of severe or pervasive age-based discrimination that qualifies as a hostile working environment.

Plaintiff's only allegations of age-based harassment are comments made by non-employee, non-party CBCC residents. Under Ninth Circuit precedent, employers may be liable for harassing conduct by non-employees only "where the employer either ratifies or acquiesces in the harassment by not taking immediate and/or corrective actions when it knew or should have known of the conduct." *Folkerson v. Circus Circus Enters., Inc.*, 107 F.3d 754, 756 (9th Cir. 1997); *Fried v. Wynn Las Vegas, LLC*, 18 F.4th 643, 647

6

FP 56132192.1

(9th Cir. 2021) ("[I]t is well established than an employer can create a hostile work environment by failing to take immediate and corrective action in response to a coworker's or third party's sexual harassment or racial discrimination the employer knew or should have known about.")

Here, Plaintiff does not assert that her employer knew or should have known about the remarks by CBCC residents which underlie her claim of age-based harassment. Thus, even assuming for the sake of argument that Plaintiff has sufficiently alleged that she was subjected to an age-based hostile work environment, her claim still fails because she has not alleged facts sufficient to hold Defendant liable for creating or ratifying the hostile work environment. *See Folkerson*, 107 F.3d at 756; *Fried*, 18 F.4th at 647.

As asserted in Defendant's Motion, Plaintiff has simply failed to allege that the offensive comments were known, or should have been known, by Defendant, and that Defendant failed to take remedial action following knowledge of the comments. *Salehian v. Nev. State Treasurer's Office*, 618 F. Supp. 3d 995, 1010 (D. Nev. 2022) (a plaintiff "must do more than merely allege that she was subjected to insulting comments about her age to make out a claim of hostile environment harassment"). Plaintiff's Amended Complaint merely alleges the discriminatory conduct first began in October 2021, that she reported the residents' comments to Defendant's management on October 8, 2021, and that the residents continued to make derogatory comments over the next 16 months, culminating in her public criticism at three open forum meetings between December 2022 and January 2023. (Doc. 18, ¶¶ 13, 21, 41) Nowhere in the Amended Complaint does Plaintiff allege that she reported the ongoing conduct to Defendant's management at any time after October 8, 2021. Likewise, Plaintiff does not identify what specific derogatory comments were said, which residents made the comments, or the frequency that the comments were made in the approximate one-week period between the commencement of the allegedly unwelcome comments in October 2021 and her reporting of those limited comments to Defendant's management on October 8, 2021.

Instead of squarely addressing the *prima facie* elements that Plaintiff must plead

FP 56132192.1

in order to hold Defendant liable for the alleged harassment by non-employee, non-party CBCC residents, Plaintiff's Response makes the irrational argument that because unidentified age-based comments allegedly made outside the 300-day limitations period purportedly escalated over 16 months, the facially neutral comments allegedly made within the 300-day limitations period are somehow related. (Doc. 27, § II.) But Plaintiff's Response does add any clarity as to what Plaintiff allegedly told Defendant on October 8, 2021, what specific age-based comments the CBCC residents made to her, the frequency that the comments were made, or the identity of the CBCC residents who made the comments. Nor does Plaintiff's Response attempt to suggest that Defendant knew or should have known of the CBCC residents' alleged ongoing harassment at any time after October 8, 2021.

It is not enough for Plaintiff to merely allege facts showing that she was subjected to a hostile work environment. Plaintiff must also allege facts showing that Defendant should be held liable for ratifying or acquiescing in the harassment by third parties who were neither employees nor agents of her employer. Plaintiff's Amended Complaint altogether fails to allege sufficient facts to support either element of her age-based hostile work environment claim. Accordingly, this claim must be dismissed.

### III. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismiss Plaintiff's Amended Complaint at Doc. 18 in its entirety, with prejudice.

RESPECTFULLY SUBMITTED this 6th day of August 2025.

                FISHER PHILLIPS LLP

                By  s/ David G. Myers
                    Pavneet Singh Uppal
                    David G. Myers
                    3200 N. Central Avenue, Suite 1550
                    Phoenix, Arizona 85012-2487
                    Attorneys for Defendant

FP 56132192.1

**CERTIFICATE OF SERVICE**

I hereby certify that on August 6, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant(s):

Matthew V. Moosbrugger
MOOSBRUGGER LAW, PLLC
2415 E. Camelback Rd. Ste. 700
Phoenix, Arizona 85016
Matthew@Moosbrugger-Law.com
Attorneys for Plaintiff


 s/ Michelle C. Xochicale

FP 56132192.1