**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jodell Dodge, | No. CV-24-01550-PHX-SMM |
| Plaintiff, | **ORDER** |
| v. | |
| FirstService Residential Arizona LLC, | |
| Defendant. | |

On November 6, 2025, the Court ordered Matthew V. Moosbrugger ("Mr. Moosbrugger") to appear at a Show Cause Hearing to explain why sanctions should not be imposed on him for violating Federal Rule of Civil Procedure 11. (Doc. 30). On November 21, 2025, Mr. Moosbrugger appeared in front of this Court.

## I.    BACKGROUND

On July 11, 2025, Defendant submitted a Motion to Dismiss Plaintiff's First Amended Complaint ("FAC"). The deadline for Plaintiff to respond was set for July 25th, however, Plaintiff failed to respond. Three days after the deadline, Plaintiff through counsel, Mr. Moosbrugger, filed a Motion for Leave to file an untimely response, as well as Plaintiff's Response Brief. (Doc. 24). Defendant timely filed a Reply. (Doc. 28).

The Court granted Defendant's Motion to Dismiss Plaintiff's FAC, holding that Plaintiff failed to state a claim under Fed. R. Civ. P. 12(b)(6). (See Doc. 29). During the Court's review of Plaintiff's Response Brief, the Court found numerous citation-related deficiencies, which the Court noted in its Order of Dismissal. (Id. at 5). Plaintiff's Response Brief was replete with misrepresented case holdings, including one cited case that does not

exist. (See Doc. 30). Consequently, the Court ordered Mr. Moosbrugger to appear to show cause, if any, why sanctions should not be imposed upon him for violating Federal Rule of Civil Procedure 11. See LRCiv 83.1(f). (Id. at 5). After issuing its Order, the Court found additional citation-related deficiencies not mentioned in its initial Order, as well as multiple citations deficiencies in Plaintiff's Motion for Leave.[1]

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 11 states, in relevant part, that "[b]y presenting to the court a pleading, written motion, or other paper … an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief … the claims, defenses, and other legal contentions are warranted by existing law[.]" Fed. R. Civ. P. 11(b)(2).

A signature on a filing "certifies to the court that the signer has read the document, has conducted a reasonable inquiry into the facts and the law and is satisfied that the document is well grounded in both, and is acting without any improper motive." Bus. Guides, Inc. v. Chromatic Commc'ns. Enters., Inc., 498 U.S. 533, 542 (1991). "[A]ny party who signs a pleading, motion or other paper … [has] an affirmative duty to conduct a reasonable inquiry into the facts and the law before filing[.]" Id. at 551. "[T]he applicable standard is one of reasonableness under the circumstances." Id. If the Court finds an attorney has violated Rule 11(b), the Court "may impose an appropriate sanction" after the Court has provided "notice and a reasonable opportunity to respond." Fed. R. Civ. P. 11(c)(1); see also Weissman v. Quail Lodge, Inc., 179 F.3d 1194, 1198 (9th Cir. 1999) (requiring notice and opportunity to respond before imposing sanctions).

## III.    DISCUSSION

The Court found nine case citation deficiencies in Plaintiff's Response Brief, including two misrepresented case holdings, five misquoted cases, and one case citation that does not exist. The case citation deficiencies are summarized as follows:

---

[1] The Court acknowledges that the citation deficiencies present in Plaintiff's Motion to Leave do not rise to the level of a Rule 11 violation. The Court will refrain from addressing them in detail.

| | Response Brief page number | Case cited (as it appears in Plaintiff's Response Brief) | Court's observations |
|---|---|---|---|
| 1 | 3 | In *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 151 (2000), the Supreme Court emphasized that circumstantial and contextual evidence, including how facially neutral comments are perceived in light of prior age-related treatment, may support an inference of unlawful discrimination. | Case exists. Pincite is incorrect. The cited page addresses direct discriminatory age-based comments resulting in termination. Rather than appearing at p. 151, it appears the proposition may be supported by p. 146-148. |
| 2 | 3 | *Shelley v. Geren*, the Ninth Circuit held that "ambiguous or indirect" comments, when viewed collectively, may permit a factfinder to conclude that discrimination occurred. 666 F.3d 599, 608 (9th Cir. 2012). | Case exists. Quoted language does not exist in the case. Pincite is incorrect. Rather than appearing at p. 608, it appears the proposition may be supported by p. 610-612. |
| 3 | 3 | The Ninth Circuit has recognized that the "severe or pervasive" standard can be met by persistent derogatory remarks and patterns of humiliation that interfere with the plaintiff's ability to perform her job. *See, Nichols v. Azteca Rest. Enters.*, Inc., 256 F.3d 864, 872–74 (9th Cir. 2001). | Case exists. Quoted language does not exist in the case. |
| 4 | 4 | In *Gestalt v. City of Gloucester*, 2021 WL 4169431 (D. Mass. 2021), the court denied dismissal where the plaintiff was told she "dressed young" and lacked the gravitas expected of her role. | Case does not exist. |
| 5 | 4 | Under *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002), a hostile work environment claim is timely if "an act contributing to the claim occurs within the filing period," even if the conduct began earlier. | Case exists. Quote is correct. Pincite is absent, but this issue does not constitute grounds for a Rule 11 violation. |

| 6 | 4 | *See also*, *Porter v. Cal. Dep't of Corr.*, 419 F.3d 885, 893 (9th Cir. 2005) (hostile acts before and within 300-day window are admissible if "sufficiently related to constitute part of the same hostile environment"). | Case exists. Quoted language does not exist in the case. |
|---|---|---|---|
| 7 | 4 | A constructive discharge occurs where "a reasonable person in the employee's position would have felt compelled to resign because of intolerable and discriminatory working conditions." *See, Poland v. Chertoff*, 494 F.3d 1174, 1184 (9th Cir. 2007. | Case exists. Quoted language is mostly correct, however, it does not properly attribute the internally quoted and adds "discriminatory." |
| 8 | 5 | Courts have repeatedly held that an employer's failure to remedy a known hostile environment based on their membership in a protected class supports constructive discharge. *See, Thomas v. Dougla*s, 877 F.2d 1428, 1434 (9th Cir. 1989). | Case exists. However, Thomas does not address protected classes' support for constructive discharge when an employer fails to remedy a hostile work environment. Further, the case ruled in favor of the employer, finding that the employee was not subjected to harassment that could be considered punishment or retaliation. |
| 9 | 5 | Judicial complaints may include claims that are "like or reasonably related to the allegations" in the administrative charge. *Green v. Los Angeles County Superintendent of Schools*, 883 F.2d 1472, 1476 (9th Cir. 1989). | Case exists. Quote is mostly correct. However, it does not attribute the internally quoted and cited language and omits words, but this issue does not constitute grounds for a Rule 11 violation. |

At the Hearing, Mr. Moosbrugger stated under oath that he uses an artificial intelligence ("AI") software called Federally Lawyer, which is an add-on to the enterprise version of ChatGPT. (Tr. Hr'g. 8:25-9:4) Mr. Moosbrugger stated that he uses the software as a research and drafting tool to assist with his caseload. (Id. at 17:1-4). When using the AI software, Mr. Moosbrugger asserts that he generally independently checks any generated cases. (Id. at 17:4-6). However, due to his delay in filing Plaintiff's Response

Brief, Mr. Moosbrugger admitted that he did not independently review any case citations before submitting the brief to the Court. (Id. at 18:11-21). Mr. Moosbrugger admitted that he only attempted to confirm accuracy of the cases by asking ChatGPT "is all legal authority and citation up to date and accurate, meaning is it still good precedent, and are they all real cases?" (Id. at 18:19-19:1). Mr. Moosbrugger stated that since the Court's Order to Show Cause, he has self-reported his improper use of AI in this matter to the State Bar of Arizona and is reviewing filings of other pending matters to report other citation-related deficiencies, if any. (Id. at 17:11-16). Further, Mr. Moosbrugger admits that, as a solo practitioner, litigating labor-intensive cases with deadlines can be difficult, but he is responsible for any pleadings bearing his signature. (Id. at 22:19-23:17).

The imposition of sanctions against parties that submit AI-generated case law is prevalent. Throughout the federal district courts, sanctions under Rule 11 for citations to non-existent case law and misrepresented holdings have included monetary sanctions, CLE sanctions, reasonable attorney fees and costs to opposing counsel, and referral to disciplinary authorities (or a combination thereof). See, e.g., Dehghani v. Castro, 782 F.Supp.3d 1051, 1062 (D. N.M. 2025) (affirming the magistrate judge's decision to impose monetary and CLE sanctions and require the attorney to self-report the incident to all bar associations he is a member of.); see also Mata v. Avianca, Inc., 678 F. Supp. 3d 443, 464-66 (S.D.N.Y. 2023) (finding that a monetary sanction of $5000 on the attorneys and their law firm was sufficient but not more than necessary for deterrence.); see also Wadsworth v. Walmart Inc., 348 F.R.D. 489, 499 (D. Wyo. 2025) (removing the drafting attorney as counsel of record, and imposing a $3,000 sanction on the drafting attorney and a $1,000 sanction on the other two attorneys for failing to review the document.); see also Buchanan v. Vuori, Inc., No. 23-CV-01121-NC (N.D. Cal. Nov. 20, 2025) (a solo practitioner representing plaintiffs in a class action used six different AI tools to file a motion that contained eight misquoted cases and one non-existent case; the court struck the motion, imposed a $250 sanction, and referred the attorney to the court's standing committee on professional conduct.)

The Court recognizes that Mr. Moosbrugger has improperly submitted non-existent case law and misrepresented holdings. However, the Court finds that, based on the facts in this matter, severe sanctions are not warranted.

Mr. Moosbrugger openly and honestly admitted to his improper use of AI, including the submission of hallucinated citations to this Court. Although Mr. Moosbrugger is a solo practitioner who does not have other attorneys available for assistance, he understands that he is responsible for his filings, cannot rely solely on AI to check his citations, and must verify them himself. In addition, Mr. Moosbrugger took the initiative to self-report to the State Bar for his improper use of AI and contends that he is reviewing all other pending matters.

Mr. Moosbrugger's citation deficient Response Brief did not prejudice Plaintiff, as the Court found that she could not prevail on the merits of the case. Additionally, Mr. Moosbrugger represented this case on a contingency fee basis and, as a result of the Court's dismissal, he did not collect any fee from Plaintiff. The Court further finds, under the facts of this case, the public humiliation in this matter is a sufficient remedy.

For the foregoing reasons, the Court encourages Mr. Moosbrugger to participate in educational seminars focused on the appropriate and potentially hazardous legal applications of AI. See Fed. R. Civ. P. 11; see also LRCiv 83.1(f).

Accordingly,

**IT IS ORDERED finding** that no further sanctions should be imposed on Matthew V. Moosbrugger.

**IT IS FURTHER ORDERED directing** the Clerk of Court to provide copies of this Order to the State Bar of Arizona Disciplinary Committee.

Dated this 8th day of December, 2025.

Stephen M. McNamee
Senior United States District Judge